# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAY HOUSTON, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>PAPA JOHN'S INTERNATIONAL, INC., *et. al.*,<br>    Defendants. | Case No. 3:18-cv-00825-JHM-RSE |
| ASHLEY PAGE, on Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>PAPA JOHN'S INTERNATIONAL, INC., *et al.*,<br>    Defendants. | Case No. 3:18-cv-835-CHB |
| JAMIAH GREER, on Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.<br>    Defendant. | Case No. 3:19-cv-00025-RGJ |

## CASE MANAGEMENT ORDER NO. 1

Having considered Plaintiffs' Motion to Transfer and Consolidate Related Actions and Appoint Interim Co-Lead Counsel,

IT IS HEREBY ORDERED that:

1. Pursuant to LR 40.1(b) and Fed. R. Civ. P. 42(a), *Page v. Papa John's Int'l*, Case No. 3:18-cv-835-CHB and *Greer v. Papa John's Int'l*, Case No. 3:19-cv-00025-RGJ, are transferred and reassigned to the undersigned Judge and consolidated into *Houston v. Papa John's Int'l*, Case No. 3:18-cv-00825-JHM-RSE (the "Master File") (the consolidated actions are referred to herein as the "Consolidated Action").

2. An original of this Order shall be filed by the Clerk in the Master File and on the individual dockets for the *Page* and *Greer* actions. The individual *Page* and *Greer* actions at 3:18-cv-835-CHB and 3:19-cv-00025-RGJ, respectively, shall thereafter be closed.

3. The Clerk shall send notice of this Order to counsel of record in the Consolidated Action.

4. The Consolidated Action is re-captioned: *In Re: Papa John's Employee and Franchisee Employee Antitrust Litigation*, No. 3:18-cv-00825-JHM-RSE. Subsequent filings in the Consolidated Action shall bear this caption and be made only in the Master File.

5. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

6. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c. make the appropriate entry in the Master File for the Consolidated Action.

 7. Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless (i) a party objects to consolidation, as provided for herein, or to any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party by the filing an application for relief; and (ii) this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

 8. The law firms of McCune Wright Arevalo, LLP, Lieff Cabraser Heimann & Bernstein, Lowey Dannenberg, P.C., and Scott+Scott Attorneys at Law LLP are hereby appointed as Interim Co-Lead Class Counsel for the Consolidated Action. Interim Co-Lead Counsel shall provide general supervision of the activities of all plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

   a. to brief and argue motions;

   b. to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel and the preparation of written interrogatories, requests for admissions, and the requests for production of documents;

   c. to direct and coordinate the examination of witnesses in depositions;

   d. to act as spokesperson at pretrial conferences;

   e. to initiate and conduct any settlement negotiations with counsel for Defendants;

   f. to provide general coordination of the activities of all plaintiffs' counsel and to delegate work responsibilities to selected counsel, as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

   g. to consult with and employ experts;

   h. to receive and review periodic time reports of all attorneys on behalf of plaintiffs and to determine if the time is being spent appropriately and for the benefit of plaintiffs and the proposed class; and

   i. to perform such other duties as may be expressly authorized by further order of this Court.

  9. The Moore Law Group is appointed as Liaison Counsel and Radice Law Firm is appointed as Interim Counsel. They will assist in representation of plaintiffs and the proposed class as requested by Interim Co-Lead Counsel.

  10. The Consolidated Action shall be subject to the following schedule, leading up to a Rule 16 Conference:

| ACTION | DEADLINE |
| --- | --- |
| Plaintiffs must file a consolidated amended class action complaint ("CAC") | Within 21 days after the appointment of Interim Co-Lead Class Counsel |
| Defendants' responses to the CAC | 45 days after the filing of the CAC |
| Plaintiffs' opposition to any motions to dismiss | 45 days after Defendants' responses |
| Defendants' replies in support of any motions to dismiss | 30 days after Plaintiffs' opposition |

**IT IS SO ORDERED.**

Joseph H. McKinley Jr., District Judge
United States District Court

January 28, 2019