# EXHIBIT A

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

|  |  |
|---|---|
| IN RE: PAPA JOHN'S EMPLOYEE AND FRANCHISEE EMPLOYEE ANTITRUST LITIGATION | Case No.: 3:18-CV-00825-BJB-RSE |

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into by and between Plaintiff Ashley Page ("Class Representative"), on behalf of herself and the Settlement Class, on the one hand, and Defendants Papa John's International, Inc. and Papa John's USA, Inc. ("Defendants") on the other hand, subject to the terms and conditions of this Settlement Agreement and to the approval of the U.S. District Court for the Western District of Kentucky in *In Re Papa John's Employee and Franchisee Employee Antitrust Litigation*, Case No. 3:18-CV-00825 (W.D. Ky.).

This Settlement Agreement is intended to fully, finally, and forever settle, release, resolve, and bar all claims released herein as against Defendants and all other Released Parties as defined in this Settlement Agreement.

## RECITALS

WHEREAS, on January 28, 2019, the Court consolidated three putative class actions filed against Defendants, and on February 19, 2019, the Consolidated Amended Complaint was filed alleging that a clause formerly appearing in Defendants' franchise agreements prohibiting their franchisees from hiring or soliciting any person who is employed by Defendants or one of their franchisees violates Section 1 of the Sherman Act.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

WHEREAS, the purpose of this Agreement is to settle and fully resolve the Individual and Class Claims of the Class Representative and Settlement Class Members;

WHEREAS, Defendants deny all claims asserted in this Action and deny all allegations of wrongdoing and liability. Defendants specifically deny that they engaged in any wrongdoing, deny that they are liable for damages, penalties, interest, attorneys' fees or costs, or any other remedies, and deny that any claim asserted by the Class Representative is suitable for class treatment other than for settlement purposes. This Settlement Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Defendants, nor any violation of any federal or state statute, regulation, or principle of common law or equity. Defendants have agreed to settle the Action solely to avoid the burden, expense, and possible uncertainty of the Action;

WHEREAS, counsel for the Parties have conducted an extensive investigation of the facts and claims alleged in the Action, including but not limited to, reviewing documents and data, serving and responding to written discovery requests, and taking multiple depositions;

WHEREAS, the Parties have engaged in extensive arms-length negotiations, both through multiple conferences directly between the Parties' counsel and with the assistance of a mediator. The Parties reached a settlement after jointly retaining the services of an experienced mediator, Barbara Reeves, Esq., and engaging in an adversarial multi-day mediation followed by extensive back and forth discussions;

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery for the Class Representative and the Settlement Class Members, or might result in a recovery that is less favorable to the Class

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

Representative and the Settlement Class Members, the Class Representative and Class Counsel believe that it is in the interest of all members of the proposed Settlement Class to resolve finally and completely their claims against Defendants and that the terms and conditions of the Settlement are fair, reasonable, and adequate;

WHEREAS, this Settlement Agreement is contingent upon approval of class certification for settlement purposes only.  Defendants expressly reserve the right to challenge the propriety of class certification for any other purpose, as well as the merits of the claims asserted in this Action should the Court not approve the Settlement.

WHEREAS, the Parties agree that should this Settlement Agreement not become final for any reason, nothing from the settlement process, including documents created or obtained from the settlement process and settlement administration, shall be admissible evidence in this Action or used in any way contrary to Defendants' interests or Class Members' interests.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered, or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party; and

WHEREAS, this Settlement Agreement contains all of the agreements between the Class Representative and Defendants and their respective counsel relating to this settlement of the Action.  There are no undisclosed side agreements between the Parties or their counsel.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Settlement Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to full and complete settlement of the Action on the following terms and conditions:

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

1. **DEFINITIONS**

1.1 "Action" means *In Re Papa John's Employee and Franchisee Employee Antitrust Litigation,* pending in the U.S. District Court for the Western District of Kentucky, Case No. 3:18-CV-00825.

1.2 "Administrative Costs" means all costs associated with the performance of the duties of the Claims Administrator per the terms of this Settlement Agreement, including fees and costs of the Claims Administrator.

1.3 "Allocation Formula" means the formula set out in Section 4.6 used by the Claims Administrator to determine the *pro rata* amount of the Settlement Payment for each Approved Claimant.

1.4 "Approved Claimant" means any Settlement Class Member who submits a valid, complete, and timely Claim Form to the Claims Administrator and who the Claims Administrator approves for a monetary payment in accordance with the terms and conditions of this Settlement Agreement.

1.5 "Claims Administrator" means A.B. Data, Ltd. or such other claims administrator as may be designated by the Parties in accordance with the terms of this Settlement Agreement and approved by the Court.

1.6 "Claims Deadline" means the date one hundred (100) days following the Preliminary Approval Date.

1.7 "Claim Form" means the form, attached hereto as <u>Exhibit 1</u> as part of the Notice Package, approved by the Court, by which a Settlement Class Member may submit a claim for

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

his or her Settlement Payment by the Claims Administrator.  The Claim Form shall be made

available to each Settlement Class Member by the Claims Administrator pursuant to the terms of

this Settlement Agreement.

1.8     "Class Counsel" means the law firms Lieff Cabraser Heimann & Bernstein, LLP,

Lowey Dannenberg, P.C., McCune Wright Arevalo, LLP, and Scott+Scott Attorneys at Law

LLP.

1.9     "Class Members" means all individuals who were employed at a Papa John's

branded restaurant located in the United States, whether owned by Defendants or a Papa John's

Franchisee, at any time during the Class Period who received more than $200 in compensation

during that time period.

1.10    "Class Representative" means Plaintiff Ashley Page.

1.11    "Class Period" means the period from December 18, 2014 through December 31,

2021.

1.12    "Court" means the U.S. District Court for the Western District of Kentucky.

1.13    "Database" means the digital data, provided by Defendants to the Claims

Administrator in a form usable by commercially available data software, like Microsoft Access

or Excel, containing the following information with respect to each Settlement Class Member to

the extent available:  (1) his or her first and last name; (2) social security number; (3) last-known

home address; and (4) the total compensation earned during the Class Period.

1.14    "Defendants" mean Papa John's International, Inc. and Papa John's USA, Inc.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

1.15    "Defendants' Counsel" means Seyfarth Shaw LLP.

1.16    "Effective Date" shall be the later of thirty (30) days after: (1) the Court's final approval of the Settlement Agreement, if no objections have been lodged; (2) the time for an appeal has expired without the filing of any appeal if any objection has been lodged; or (3) the final resolution of any appeal, writ, or challenge to the Settlement Agreement that has been lodged upholding the Settlement Agreement.

1.17    "Fee Petition" means the petition for an award of fees and costs submitted by Class Counsel as provided for in Section 10.1 below.

1.18    "Final Approval Hearing" means the hearing to be set by the Court no earlier than 130 days following the Preliminary Approval Date at which the Court will finally approve the Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement.

1.19    "Final Approval Order" means the order entered by the Court at or after the Final Approval Hearing.  The Parties shall submit a proposed Final Approval Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing.  The Parties' agreed form of the Final Approval Order is attached as Exhibit 2 to this Settlement Agreement.

1.20    "Gross Settlement Fund" means all monies to be paid by Defendants in connection with the Settlement, including without limitation, all Administrative Costs, Class Counsel's attorneys' fees and expenses, any Service Award, and all monies to be paid out as part of the Net Settlement Fund.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

1.21    "Net Settlement Fund" means the amount of money from the Gross Settlement Fund available to be paid to the Settlement Class.

1.22    "Notice Package" means the collection of documents that will be sent to the Class Members, consisting of the Notice of Class Action Settlement.  The Parties' agreed form of the Notice of Class Action Settlement is attached as Exhibit 3 to this Settlement Agreement.

1.23    "Parties" means the Class Representative and Defendants, which are each a "Party."

1.24    "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

1.25    "Preliminary Approval Order" means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement Agreement.  The Parties' agreed form of the Preliminary Approval Order is attached as Exhibit 4 to this Settlement Agreement.

1.26    "Released Claims" means all claims to be released as set forth in Sections 11 and 12 of this Settlement Agreement.

1.27    "Released Parties" means and refers to Papa John's International, Inc. and Papa John's USA, Inc. and each of their past, present and future parent companies, subsidiaries, affiliates, investors, investment funds, franchisees, insurers, benefit plans, and other related entities, as well as each of those entities' past, present and future officers, directors, owners, principals, employees, agents, executors, administrators, representatives, successors and assigns.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-5F4C9C4F8FDE

1.28 "Releasing Parties" means the Class Representative and Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, partners, successors, predecessors-in-interest, assigns, any other persons or entity claiming through them, and if relevant, any co-signer, co-buyer, or co-borrower or guarantors.

1.29 "Request for Exclusion" means a request to be excluded from the Settlement Agreement that a Class Member timely and properly submits to the Claims Administrator pursuant to the terms of this Settlement Agreement.

1.30 "Service Award" means a separate payment from the Gross Settlement Fund of $5,000 or a lesser amount awarded by the Court that is made to Class Representative as a service award payment and for resolution and release of her claims against Defendants in this Action, and any claims against Defendants arising out of or relating to her employment with any Papa John's franchisee. The Service Award shall be paid in addition to her individual *pro rata* settlement share and shall be subject to Court approval.

1.31 "Settlement Agreement" means this Class Action Settlement Agreement and Release, which includes all its Recitals and all the attached Exhibits.

1.32 "Settlement Class" means all Class Members except those who submitted a valid and timely Request for Exclusion.

1.33 "Settlement Class Member" means a member of the Settlement Class.

1.34 "Settlement Payments" mean the payment(s) made to Approved Claimants from the Net Settlement Fund pursuant to the Settlement Agreement.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

## 2. CERTIFICATION OF THE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY

2.1     For settlement purposes only, the Parties agree that one Settlement Class shall be certified that includes the Class Representative and the Settlement Class Members.  The Settlement Agreement is contingent upon approval and certification by the Court of the Settlement Class for settlement purposes only under Rule 23 of the Federal Rules of Civil Procedure and approval of the Settlement Agreement as a class action settlement that is a fair, reasonable, and adequate resolution of a valid case or controversy between the Parties under applicable precedent of the U.S. District Court for the Western District of Kentucky, the U.S. Court of Appeals for the Sixth Circuit, and the U.S. Supreme Court.

2.2     The Defendants do not waive, and expressly reserve, their right to challenge the propriety of class action certification for any purpose as if this Settlement Agreement has not been entered into by the Parties, should the Court not approve the Settlement Agreement or should Defendants exercise their right to terminate the Settlement Agreement as described herein.

2.3     The Parties shall cooperate and present to the Court for its consideration in connection with the proposed certification of the Settlement Class competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class action certification under Rule 23 of the Federal Rules of Civil Procedure.

2.4     The Class Representative recognizes and acknowledges the expense and amount of time which would be required to continue to pursue this Action against Defendants, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Class Members.  The Class Representative has concluded that it is desirable that the Action and

84095367v.3

DocuSign Envelope ID: A707426D-1B26-4474-AB4A-8F4C9C4F8FDE

any Released Claims be fully and finally settled and released as set forth in this Settlement

Agreement.  The Class Representative and Class Counsel believe that the terms set forth in this

Settlement Agreement confer substantial benefits upon the Settlement Class and that it is in the

best interest of the Settlement Class to settle on the terms as described herein.

## 3.     SETTLEMENT APPROVAL PROCEDURE

3.1     This Settlement Agreement will become final and effective only upon the

occurrence of all the following events:  (a) the Settlement Agreement is executed by Class

Counsel, Defendants' Counsel, the Class Representative, and a representative of Defendants; (b)

the Court enters an order granting preliminary approval of the material terms of the Settlement

Agreement under Rule 23 of the Federal Rules of Civil Procedure, including (i) certification of

the Settlement Class for settlement purposes only; (ii) appointment of Class Counsel; (iii)

appointment of the Class Representative for the Settlement Class; and (iv) appointment of the

Claims Administrator; (c) the Court enters a Preliminary Approval Order, substantially in the

form of the Preliminary Approval Order attached as Ex. 4; (d) the Notice Package is sent to the

Class Members in accordance with Section 6 below; (e) Class Members are afforded an

opportunity to exclude themselves from the Settlement Agreement by submission of a Request

for Exclusion or to file written objections; (f) the Court holds the Final Approval Hearing,

approves the Settlement Agreement, and enters the Final Approval Order; and (g) the time for

appeal passes and/or any appeal is fully resolved.

3.2     As soon as is practicable and without undue delay, the Parties shall submit this

Settlement Agreement to the Court, seeking preliminary approval of the Settlement Agreement.

Promptly upon execution of this Settlement Agreement by the Class Representative and

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Defendants, the Parties shall apply to the Court for the entry of an order substantially in the form that is attached hereto as Ex. 4 and that would order the following:

   a) Preliminarily approving the Settlement Agreement, subject to only the objections of Class Members and final review by the Court;

   b) Certifying the Settlement Class for settlement purposes only, appointing Class Counsel, appointing Ashley Page as Class Representative for the Settlement Class and appointing the Claims Administrator;

   c) Approving as to form and content the Notice Package, including the Claim Form;

   d) Directing the sending of the Notice Package in accordance with the procedures set out herein to the Class Members;

   e) Scheduling a Final Approval Hearing on the question of whether the proposed settlement, including without limitation, payment of attorneys' fees, costs, and the Service Award should be finally approved as fair, reasonable, and adequate;

   f) Enjoining Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement Agreement unless and until such Class Members have filed a valid and timely Request for Exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

   3.3     No later than fourteen (14) calendar days prior to the date of the Final Approval Hearing, or by such other date as the Court may direct, the Parties shall apply to the Court for the entry of an order substantially in the form that is attached hereto as Ex. 2 and that would order as follows:

   a) Approving the Settlement Agreement under Fed. R. Civ. P. 23 as a class action settlement, adjudging the terms thereof to be fair, reasonable and adequate, and a fair and reasonable resolution of a valid case or controversy among the Parties and directing consummation of its terms and provisions;

   b) Approving the Settlement Payments and Service Award;

   c) Approving the request for Administrative Costs, including the Claims Administrator's fee;

   d) Approving Class Counsel's petition for an award of attorneys' fees and costs;

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

e)      Dismissing this lawsuit with prejudice and permanently barring and enjoining all Settlement Class Members - regardless of whether they submitted an executed release - from filing or prosecuting against Released Parties, any individual or class claims related herein, upon satisfaction of all payments and obligations hereunder;

f)      Approving Defendants' right to bring an unopposed motion under 28 U.S.C. §1651(a) that enjoins Settlement Class Members from initiating any lawsuits or appeals in any court based on any claims released pursuant to this Settlement Agreement.

## 4.      SETTLEMENT AMOUNT AND ALLOCATION

4.1      <u>Settlement Amount.</u>  The Parties agree to a definitive settlement of all matters and issues related to the Action, including settlement of all the Class Representative's claims and all class claims pled in the Action, for a total aggregate settlement amount of Five Million Dollars ($5,000,000.00), which shall constitute the Gross Settlement Fund.  The Gross Settlement Fund is non-reversionary.

4.2      <u>Funding The Gross Settlement Fund.</u>  Within thirty (30) days after preliminary approval of the Parties' Class Action Settlement by the Court, Defendants shall fund the Qualified Settlement Fund with fifty percent (50%) of the Settlement Amount.  Defendants shall fund the remaining fifty percent (50%) of the Qualified Settlement Fund within thirty (30) days of the Effective Date of the Settlement.  This paragraph regarding the funding of the Gross Settlement Fund relates only to timing and does not affect the amount of the settlement to be funded.

4.3      The Parties agree that the Gross Settlement Fund is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq., and will be administered by the Claims Administrator as such.  All interest accruing thereon shall become part of the Gross Settlement Fund.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

4.4      With respect to the Gross Settlement Fund, the Claims Administrator shall:  (1) open and administer the Gross Settlement Fund in such a manner as to qualify and maintain the qualification of the Settlement Account as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. § 1.468B-1; (2) calculate, withhold, remit, and report each Approved Claimant's share of applicable payroll taxes in connection with their Settlement Payments; (3) satisfy all tax reporting, return, and filing requirements with respect to the Gross Settlement Fund and any interest or other income earned by the Gross Settlement Fund; and (4) satisfy out of the Gross Settlement Fund all taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the Gross Settlement Fund.  The employer-side taxes for Approved Claimants shall be paid from the Gross Settlement Fund and shall only be calculated and owed in connection with the portion of Settlement Payments that are attributable to alleged wages and that are reported to Approved Claimants via IRS Form W-2.  If any portion of the Gross Settlement Fund payable by the Qualified Settlement Fund to each Approved Claimant is determined to be treated as other than wages, the Claims Administrator, as administrator of the Qualified Settlement Fund, shall report that portion to the Approved Claimant, and all applicable taxing authorities, to the extent required by law, under the Approved Claimant's name and U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Claims Administrator, as administrator of the Qualified Settlement Fund making such payments.  Fees, expenses, and costs incurred in connection with the opening and administration of the Gross Settlement Fund shall be treated as and included in the Administrative Costs.  The Parties and the Claims Administrator shall elect to treat the Gross Settlement Fund as coming into existence as a

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Qualified Settlement Fund on the earliest date as set forth in 26 CFR § 1.468B-1(j)(2)(i), and such election statements shall be attached to the appropriate returns as required by 26 CFR § 1.468B-1(j)(2)(ii).  The Parties agree to cooperate with the Claims Administrator and one another as reasonably necessary to effectuate the terms of the Settlement Agreement.

       4.5   <u>Payments From The Gross Settlement Fund</u>.  The Gross Settlement Fund shall be used to pay:

a)     The Court's approved Settlement Payments to the Approved Claimants;

b)     The attorneys' fees, costs, and litigation expenses of Class Counsel, as awarded by the Court;

c)     The Service Award, as awarded by the Court;

d)     Administrative Costs as defined herein;

e)     Any other Court-approved additional expenses incurred in connection with the administration of this Settlement Agreement.

       4.6   <u>Distribution Of Net Settlement Funds.</u>  The Parties agree that the Settlement Payments to the Approved Claimants will be distributed based on the process described below. Each Approved Claimant shall receive a Settlement Payment from the Net Settlement Fund pursuant to the below Allocation Formula.

a)     Settlement Payments shall be determined separately for each Approved Claimant. Approved Claimants will receive a settlement share based on that Class Member's Total Compensation.

b)     The Claims Administrator will first determine the total dollar value of compensation paid to Class Members during the Class Period ("Total Class Compensation").  The Claims Administrator will determine the Total Class Compensation using data supplied by the Defendants, including PROFIT data, FOCUS data, and any other compensation data available. The Claims Administrator may request additional information and assistance from Defendants as needed to calculate Class Members' total compensation, which Defendants

14

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

agree to supply to the extent the additional information requested is available and not overly burdensome to obtain.

c)    To calculate each Approved Claimant's settlement share, the Claims Administrator will calculate each Approved Claimant's total compensation during the Class Period ("Total Approved Claimant Compensation"). Next, the Claims Administrator will divide the Approved Claimant's Total Approved Claimant Compensation by the Total Class Compensation to generate the applicable fraction. Finally, the Claims Administrator will multiply the fraction by the Net Settlement Fund.

d)    If funds remain in the Net Settlement Fund after it is distributed to Approved Claimants, the Claims Administrator will continue to distribute the funds *pro rata* using the Allocation Formula until either (i) all Approved Claimants are paid 25% of their Total Approved Claimant Compensation, and/or (ii) no funds remain in the Net Settlement Fund.

e)    The Parties agree to apply a seventy-five percent (75%) discount to any Approved Claimant who signed an arbitration agreement. Defendants shall provide the Claims Administrator with a list of Class Members with whom Defendants have a documented, signed arbitration agreement. Class Counsel shall have a right to review the arbitration agreements in question should a dispute arise.

f)    In the interest of efficiency, manageability, and to prevent waste, the Parties reserve the right to exclude from payment any Approved Claimant for which the cost of administration or payment of their claims would be more than the value of the claim itself. The Parties agree that Approved Claimants with claims valued at less than five dollars ($5) will be excluded from the receiving any payment.

4.7    <u>Undistributed Net Settlement Funds.</u>  If all Approved Claimants are paid 25% of their Total Approved Claimant Compensation and funds remain in the Net Settlement Fund, such funds will be distributed to a charity under the *cy pres* doctrine. The Parties agree that each party will select an organization to receive 50% of the *cy pres* funds and that those funds shall be distributed to the selected organizations upon approval of the Court.

4.8    <u>Uncashed Checks.</u>  Any uncashed funds shall escheat to state-run unclaimed property funds for future distribution.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

4.9    <u>Taxes.</u>  Other than the withholding and reporting requirements herein, Approved Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement Agreement.  For purposes of efficient administration, and subject to court approval, Settlement Payments from the Net Settlement Fund to Approved Claimants shall be allocated thirty-three percent (33%) to wages (to be reported on an IRS Form W-2) and sixty-seven percent (67%) to interest (to be reported on an IRS Form 1099).

4.10    <u>Class Member Participation In The Settlement Fund.</u>  Settlement Class Members who submit a completed and executed Claim Form within one hundred (100) days following the Preliminary Approval Date shall be considered by the Claims Administrator as eligible for payment from the Net Settlement Fund under the Allocation Formula.  Timeliness of submission is further addressed in Paragraph 6.6, below.  Untimely claims submitted by Settlement Class Members will be subject to review by Class Counsel with the understanding that those who do not timely return a completed and executed Claim Form may be ineligible to recover from the Net Settlement Fund.  Class Members who submit a Request for Exclusion and do not withdraw their Request for Exclusion prior to the Effective Date of the Settlement Agreement, shall waive the right to recover any award from the Net Settlement Fund.

## 5.    INJUNCTIVE RELIEF

5.1    Within 120 days of the Effective Date, Defendants agree to: (i) conduct antitrust compliance training for all Defendants' domestic Vice Presidents and executives above that level and: (ii) recirculate to all of their franchisees an email notice that advises that Defendants are reiterating their commitment not to enforce any no-poach provision under any circumstances.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

5.2    Defendants agree not to include a no-poach or no-hire provision in any new Franchise Agreement for the next five (5) years.

## 6.    CLAIMS PROCEDURE

6.1    No later than fourteen (14) calendar days following the Preliminary Approval Date, the Defendants will provide the Database of Class Members' identities to the Claims Administrator.  The Claims Administrator will keep this data confidential and use it only for purposes of performing its duties under this Settlement Agreement and shall not share the data with any other person or entity.  The Database will be true and correct to the best of Defendants' knowledge at the time it is provided.

6.2    No later than fourteen (14) calendar days following receipt of the Database from Defendants, the Claims Administrator shall engage a credit reporting agency or similar service to use the Class Members' available Social Security Numbers or other information to locate email addresses for Class Members. Class Counsel and Defendants' Counsel shall work together to develop the content of an email notice that the Claims Administrator will distribute to Class Members with unresolved disputes to be decided by the Court. The email will include the Notice Package, a link to a website containing information about the Settlement Agreement (including the long form notice of the Settlement Agreement, the operative complaint, and the preliminary and final approval motions when available) and the ability to fill out a Claim Form.  The website will also display a toll-free number that Class Members can call with questions about the settlement or their eligibility to receive a monetary payment.  The Notice Package and website shall state that Class Members who do not submit a Request for Exclusion will release any and all claims against Defendants.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

6.3     To the extent that the Claims Administrator is unable to locate working email addresses for any Class Members, the Claims Administrator will use the last known addresses available in the Database for any Class Members who did not receive email notice to provide the Notice Package via mailed postcards.

6.4     The Claims Administrator shall also perform at least one skip trace on returned mail and shall send a second notice via mailed postcard to a second address for any Class Member identified with a second address by either the post office or the skip trace that did not receive either the email or first postcard notice.

6.5     To the extent the Claims Administrator determines that direct notices (email or postcard) is unlikely to reach more than eighty percent (80%) of the Class Members or the Court otherwise finds that the direct notices are insufficient, the Parties will meet and confer regarding publication notice with any remaining disputes to be decided by the mediator, Barbara Reeves, Esq.  For purposes of this Section, messages will be deemed undeliverable if the Claims Administrator determines, by reasonable means, that the messages have not been delivered, including: (i) for email notices, if the sender receives an automated message within 72  hours of sending the communication that the email has not been delivered; and (ii) for postcard notices, if the notice is  returned to the sender by the United States Postal Service within twenty-one (21) days of the mailing date.

6.6     Class Members shall be allowed one hundred (100) days following the Preliminary Approval Date to submit a Claim Form or to submit a Request for Exclusion.  The date of submission of a Claim Form to the Claims Administrator is the date the Claim Form is submitted through the website.  The Claims Administrator shall review each Claim Form for

84095367v.3

DocuSign Envelope ID: A707426D-1B26-4474-AB4A-8F4C9C4F8FDE

timeliness and material completeness.  Absent approval by Class Counsel or the Court, any Class Member who fails to submit a properly executed Claim Form on a timely basis will not be eligible to receive any payment from the Net Settlement Fund.  The Claims Administrator shall promptly notify Class Counsel regarding any concerns about the validity of a Claim Form and shall work with Class Counsel as needed to determine if that claim should be paid.  To the extent that Class Counsel determines that an untimely claim or otherwise invalid claim will be paid, Defendants' Counsel shall have the opportunity to review the claim(s) and state an objection if needed.

6.7     The Claims Administrator shall review each Claim Form for eligibility for a monetary payment in accordance with the Allocation Formula.  To the extent that the Claims Administrator finds that any Settlement Class Member that submitted a Claim Form is not eligible for a monetary payment, the Claims Administrator shall notify the Settlement Class Member of his or her ineligibility and provide a list to the Parties of those Settlement Class Members that were deemed ineligible for a monetary payment.

6.8     To receive a settlement payment under this Settlement Agreement, the Class Representative need not submit a Claim Form.  The Parties deem the Class Representative to be an Approved Claimant, and she shall receive her Settlement Payment, along with any Service Award awarded by the Court, without submission of a Claim Form to the Claims Administrator.

6.9     The Claims Administrator shall be bound by the terms of this Settlement Agreement.  In the event that an issue arises that the Claims Administrator must resolve that is not specifically addressed in the Settlement Agreement or is ambiguously addressed, the Claims Administrator shall report to the Parties' Counsel for guidance.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

6.10   Objections To Settlement.  Any Settlement Class Member may object to the Settlement Agreement.  To do so, they must send a written objection to the Claims Administrator by no later than the Claims Deadline.  The written objection must state each specific reason in support of the objection, any legal support for each objection, and whether the objector wishes to be heard at the Final Approval Hearing.  If the objector was an employee of a Papa John's restaurant owned by Defendants during the Class Period, the written objection must also state the case name and docket number, the objector's full name and address, and the calendar year(s) and location(s) during which the objector worked for Defendants.  If the objector was a franchisee employee during the Class Period, the written objection must also state the case name and docket number, the objector's full name, address and telephone number(s), the name of his or her franchisee employer (if known to the objector), the address(es) of the restaurant where he or she worked, and the dates that he or she worked at such restaurant(s).  To be effective, any written objections must be postmarked no later than the Claims Deadline.  A Settlement Class Member who fails to file and serve a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  The Claims Administrator shall promptly notify and send a copy of any objection to Defendants' Counsel and Class Counsel.

6.11   Reporting Requirements.  No later than fourteen (14) calendar days following the Claims Deadline, the Claims Administrator shall prepare and tender a report to Class Counsel and Defendants' Counsel containing the following information: (i) the name and last-known address (as updated through the claims administration process) of each Approved Claimant; (ii) the name, last-known address, and last-known telephone number of each Class Member who

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

submitted a valid Request for Exclusion; and (iii) the overall percentage of Class Members who objected and/or who submitted a Request for Exclusion.  For each Approved Claimant, the report shall further provide:  (a) the Approved Claimant's Total Approved Claimant Compensation; (b) the estimated settlement share to which the Approved Claimant is entitled based on the Allocation Formula; and (c) the amount of Settlement Payment the Approved Claimant will be paid based on the re-distribution of the Net Settlement Fund up to 25% of the Approved Claimant's Total Approved Claimant Compensation.

6.12    <u>Mailing Of Settlement Payments To Approved Claimants.</u>  No earlier than thirty-five (35) days following the Effective Date, the Claims Administrator shall transmit Settlement Payments electronically where practicable, and if electronic payment is not possible or not preferred, mail a Settlement Payment check to each Approved Claimant at his or her last-known address.  In the event that any Settlement Payment check is returned to the Claims Administrator as undeliverable, the Claims Administrator will use reasonable efforts to locate a current address for the Approved Claimant, and if a current address is found, then cause the check to be re-mailed.

6.13    <u>CAFA Notice.</u>  Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, Defendants, at their own cost, in conjunction with the Claims Administrator, will notify the appropriate governmental authorities and provide documents and information to the appropriate governmental authorities pursuant to Section 1715.

6.14    <u>Payments To Class Counsel.</u>  The Claims Administrator shall pay to Class Counsel from the Gross Settlement Fund the portion of attorneys' fees and litigation expenses that are awarded by the Court on the Effective Date.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

6.15    Payment Of Service Award.  The Claims Administrator shall pay the Service

Award to the Class Representative awarded by the Court out of the Gross Settlement Fund on the

Effective Date.

7.      **REQUESTS FOR EXCLUSION**

7.1      Any Class Member may exclude himself or herself from the Settlement

Agreement.  To do so, they must send a written Request for Exclusion to the Claims

Administrator no later than the Claims Deadline.  The written Request for Exclusion must state:

> "I, [INSERT NAME], voluntarily choose not to participate in the
> settlement of my claims against Defendants and/or the Released
> Parties as defined in the Settlement Agreement, and hereby waive
> any rights I may have to participate in the Settlement Agreement
> entered into by the Parties in *In Re Papa John's Employee and
> Franchisee Employee Antitrust Litigation,* Case No. 3:18-CV-
> 00825 (W.D. Ky.)."

If the requester was an employee of a Papa John's restaurant owned by Defendants during the

Class Period, the written Request for Exclusion must also state the case name and docket

number, the objector's full name and address, and the calendar year(s) and location(s) during

which the objector worked for Defendants.  If the requester was a franchisee employee during

the Class Period, the written Request for Exclusion must also state the case name and docket

number, the objector's full name, address and telephone number(s), the name of his or her

franchisee employer (if known), the address(es) of the restaurant where he or she worked, and

the dates that he or she worked at such restaurant(s).

7.2      A Request for Exclusion must be postmarked no later than the Claims Deadline to

be valid.  If the Request for Exclusion is sent from within the United States, it must be sent

through United States Postal Service via first class delivery.  No Class Member may exclude

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

themselves by a communication made by telephone, fax, or email.  A Class Member who fails to mail a Request for Exclusion in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement Agreement and the Final Approval Order, if the Settlement Agreement is approved by the Court, regardless of whether he or she has objected to the Settlement Agreement.

7.3     The written Request for Exclusion must be personally signed by the Class Member who seeks to exclude himself or herself from the Settlement Agreement.  No Request for Exclusion may be made on behalf of any group of Class Members.

7.4     Any Class Member who submits a timely and valid Request for Exclusion shall not (i) be bound by any orders or judgments entered in this Action; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement Agreement or appeal from any order of the Court entered in this Action.

7.5     Upon receipt of a Request for Exclusion, the Claims Administrator shall promptly notify and send a copy of the Request for Exclusion to Defendants' Counsel and Class Counsel. If a Class Member submits both a timely Claim Form and a timely Request for Exclusion, the Claims Administrator shall promptly notify and send copies of the Claim Form and the Request for Exclusion to Defendants' Counsel and Class Counsel, and will attempt to contact that individual to ascertain his or her intent.  If those efforts are unsuccessful, whichever document was mailed or submitted later will govern, and if both documents were submitted simultaneously, or the sequence of mailing and submission cannot be determined, then the Claim Form shall govern.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

## 8.     CLAIMS ADMINISTRATOR

8.1     The Claims Administrator shall be A.B. Data, provided, however, Class Counsel shall have the right to select or substitute a different Claims Administrator at their discretion if needed.  The Claims Administrator shall be responsible for sending the direct notice discussed above; setting up and managing the Settlement website; receiving and logging the Claim Forms, Objections, and Requests for Exclusion; determining Settlement Class Members eligible for monetary relief; calculating Settlement Payments to Approved Claimants based on the Allocation Formula; researching and updating addresses through skip-trace and similar means; reporting on status of the administration of the Settlement Agreement to the Parties, including the percentage of Class Members reached through direct notice methods (email and postcard); preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with all necessary data; setting up, administering, and making payments from the Gross Settlement Fund; distributing Settlement Payments in accordance with the terms of this Settlement Agreement; and performing such additional duties as the Parties may mutually direct.

8.2     All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement until all payments and obligations contemplated by this Settlement Agreement have been fully carried out.

8.3     The Administrative Costs will be paid out of the Gross Settlement Fund, and shall include all costs, including the Claims Administrator's fee and costs, necessary to administer the Settlement Agreement.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

8.4     The actions of the Claims Administrator shall be governed by the terms of the Settlement Agreement.  Class Counsel and Defendants' Counsel may provide relevant information and guidance as needed by the Claims Administrator with notice and copies to one another but without notice or copies to the Settlement Class Members or the Court, unless requested by the Court.

## 9.     SERVICE AWARD

9.1     Class Counsel shall request that the Court approve a Service Award of no more than $5,000 to be paid to the Class Representative from the Gross Settlement Fund as a class representative service award payment and for resolution and release of the Class Representative's claims against Defendants in this Action and any claims against Defendants or Released Parties arising out of or relating to her employment at a Papa John's franchise, as set forth more fully herein.  Any Service Award shall be subject to the Court's approval.

9.2     The Parties agree that the Service Award is in addition to the Class Representative's Settlement Payment to which she is entitled as a Settlement Class Member per the terms of this Settlement Agreement.

9.3     The Claims Administrator shall report the Service Award to the appropriate taxing authorities as non-wage income on an IRS Form 1099 and issue appropriate tax forms to the Class Representative reflecting the Service Award.  Other than any reporting of this payment as required by this Settlement Agreement or law, which the Claims Administrator shall make, the Class Representative receiving a Service Award shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

pursuant to this Section. Any amounts not awarded by the Court shall be distributed pursuant to the terms of this Settlement Agreement.

9.4     To the extent the Court approves a Service Award in an amount less than the request, the difference between the requested and awarded amount shall be added to the amount of the Net Settlement Fund that has been set aside to make Settlement Payments to the Settlement Class Members. The Parties agree that regardless of any action taken by the Court with respect to such Service Award, the validity of the underlying Settlement Agreement shall not be affected.

## 10.    ATTORNEYS' FEES AND COSTS

10.1     No later than seventy-five (75) days following the Preliminary Approval Date, Class Counsel will move the Court for an award of attorneys' fees and costs not to exceed twenty-five percent (25%) of the Gross Settlement Fund. Defendants shall take no position on Class Counsel's petition for attorneys' fees and costs in that amount. Class Counsel agrees to accept whatever fee award the Court orders, even if it is less than twenty-five percent (25%) of the Gross Settlement Fund. The Parties agree that the attorneys' fees and costs awarded by the Court shall be paid out of the Gross Settlement Fund.

10.3     The Class Representative and Class Counsel understand and agree that any fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of the Class Representative and Class Members in the Action and any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of this Action. As an inducement for Defendants to enter into this Agreement, and as a material condition thereof, the Class Representative and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

they may have against the Released Parties for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Settlement Agreement.  As further inducement for Defendants to enter into this Settlement Agreement, and as a material condition thereof, the Class Representative and Class Counsel warrant and represent that they will not, nor will any of their employees, agents, or representatives of their firms, file any claims for attorneys' fees or costs, including but not limited to bills of costs or requests for attorneys' fees, for any fees and/or costs arising out of the Action, and the Class Representative and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge the Released Parties of any liability for such fees and/or costs.  Furthermore, the Class Representative and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorneys' fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Settlement Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action.

10.4    Nothing herein shall preclude the Class Representative from appealing the allocation of Class Counsel's fees, costs, and/or Service Award, should the sum awarded by the Court fall below that requested.  The Parties agree that regardless of any action taken by the Court with respect to the request for an award of attorneys' fees and expenses, the validity of the underlying Settlement Agreement shall not be affected.

## 11.    RELEASE BY THE CLASS REPRESENTATIVE

11.1    The Class Representative releases and forever discharges all claims raised in the Action and all claims, obligations, demands, actions, rights, causes of action, and liabilities of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, that were asserted, or that might have been asserted against the

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Released Parties ("General Release").  In exchange for providing this General Release, Defendants shall pay the Class Representative her Service Award payment awarded by the Court.  Upon entry of the Final Approval Order, and notwithstanding the fact that she has not executed a release, the Class Representative shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all claims covered by the General Release, for herself and her respective agents, heirs, predecessors, successors, assigns, representatives and attorneys, and she does hereby mutually waive, release, acquit, and forever discharge the Released Parties, from any and all claims, actions, charges, complaints, grievances and causes of action of whatever nature, whether known or unknown, including but not limited to any and all tort claims, contract claims, wage claims, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims, fraud claims, quantum meruit claims, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance that may lawfully be waived.

## 12.    RELEASE BY SETTLEMENT CLASS MEMBERS

12.1    Upon entry of the Final Approval Order, the Settlement Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge all Released Parties from all claims for relief, demands, causes of action, and appeals of any kind whether known or unknown, which a person has had, now has, or may have in the future against the Released Parties or any of them that are alleged in the Action or that arose out of or relate to the facts, acts, transactions, occurrences, events, or omissions alleged in the Action, including but not limited to any and all claims, known and

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

unknown, for (i) violation of the Sherman Antitrust Act and (ii) wage suppression related to the No-Poach Provision contained in the Papa John's franchise agreement. Settlement Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Action. However, upon entry of the Final Approval Order, and notwithstanding the fact that they have not executed a release, all Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all of the claims released herein.

### 13. MISCELLANEOUS PROVISIONS

13.1    <u>Governing Law.</u>  The laws of the State of Kentucky govern this Settlement Agreement, without regard to conflict-of-laws principles.

13.2    <u>No Admission Of Liability.</u>  The Parties agree that this Settlement Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to the Class Representative or Class Members collectively or individually or to any other person, or that those individuals have any rights whatsoever against Defendants or that this matter is suitable for class action treatment. Defendants specifically disclaim any liability to or wrongful acts against the Class Representative and/or the Class Members or any other person, on the part of Defendants and their predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, employees, agents, and representatives. Furthermore, the Parties agree that this Settlement Agreement does not constitute an adjudication of the merits of the Action or any other matters released in this Settlement Agreement.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Accordingly, the Parties agree that this Settlement Agreement shall not serve or be construed as evidence that Defendants or the Released Parties have engaged in any wrongdoing.

13.3    <u>Evidentiary Preclusion.</u>  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except in an action or proceeding to approve, interpret, or enforce its terms. Notwithstanding the foregoing, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Settlement Agreement in any action or proceeding that may be brought against them.

13.4    <u>Parties' Authority.</u>  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to its terms and conditions.

13.5    <u>Mutual Full Cooperation.</u>  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defendants' Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

13.6    Data Reasonably Accurate. The computation of Settlement Payments to Settlement Class Members will be based on the data supplied by Defendants.  Defendants represent that, to the best of their knowledge and belief, all data supplied reflects the data that is actually recorded in Defendants' and their franchisees' payroll and/or point-of-sale systems.  The Parties agree that this data is reasonably accurate and sufficient to fulfill the Parties' obligations under this Settlement Agreement.

13.7    Confidentiality And Publicity. The Parties agree that prior to the public court docket filing of the motion for preliminary approval, they will keep all terms of the Settlement confidential, unless and to the extent they otherwise agree to any disclosure.  The Parties acknowledge having previously agreed to certain disclosures in conjunction with the filing of Papa John's International, Inc.'s Form 10-Q with the United States Securities and Exchange Commission and other financial reporting activities associated therewith.  With respect to the terms of this Settlement, Class Counsel agrees not to make any statements or post on their website or in social media anything inconsistent with the class notice.  The Parties also agree on a joint media statement to be used to respond to any third-party inquiries about the settlement upon or after the filing of the motion to approve the Settlement and on the date of the appropriate forum's ultimate approval of the Settlement or thereafter.  To any such inquiry, they will respond that: "Based on the facts and circumstances of the case and in light of the inherent risks and costs associated with ongoing litigation, the parties mutually agreed to settle the lawsuit, subject to Court approval.  The settlement does not include any admission by the Defendants of wrongdoing or liability nor does it include any admissions by Plaintiff that her claim lacked merit.  Defendants continue to deny all claims asserted in the lawsuit." The Class Representative and Class Counsel agree that they will not circumvent this Agreement by facilitating or

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

encouraging any actual or putative Settlement Class Member to do what the Class Representative and Class Counsel have agreed not to do in this paragraph.  The Parties agree that the terms of this paragraph are subject to their counsels' reasonable interpretations of their ethical obligations, and that the Parties are not hereby agreeing to any terms that would cause any Parties' counsel to violate those ethical obligations.

Nothing in this Section shall prevent the Parties from discussing the Settlement privately with any of the following:  one another; the Court; Class Counsel; their attorneys, key business personnel (including affiliates), tax consultants, and spouses; or government agencies as necessary for reporting obligations.

13.8    Fair, Adequate, And Reasonable Settlement.  The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, and a fair and reasonable resolution of a *bona fide* dispute among the parties, and will so represent to the Court.

13.9    Terminating The Settlement Agreement.  Should the Court not approve the Settlement Agreement, or should the Court not approve and enter the Preliminary Approval Order (or enter it in a form that has any changes by the Court that either of the Parties deems material), the terms of this Settlement Agreement will be null and void, the Parties will retain all rights and defenses in this action, and all negotiations and information and materials pertaining in any way to this Settlement Agreement or the settlement of this action will be inadmissible.  In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval.  In the event this settlement is never approved by the Court, the Parties will retain all rights and defenses in this action, and all negotiations and information and materials pertaining in any way to this Action or the settlement of the Action will be inadmissible.

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

13.10   <u>Blow Up Provision.</u>  The Parties agree that if more than six percent (6%) of the Class Members exercise their right to opt out of the Settlement and submit a valid and timely Request for Exclusion, Defendants will have the unilateral right to declare the Settlement void in its entirety upon notice to Class Counsel.

13.11   <u>Interdependence Of Monetary And Non-Monetary Terms.</u>  The Parties agree that all terms of this Settlement Agreement are conditional upon, interdependent with, and inextricably intertwined with each other, including but not limited to all terms of monetary and non-monetary relief.

13.12   <u>No Prior Assignments.</u>  The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights released and discharged in this Settlement Agreement.

13.13   <u>Enforcement Action.</u>  In the event any Party institutes any legal action or other proceeding to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the prevailing Party shall be entitled to recover from the non-prevailing Party reasonable attorneys' fees and costs, including expert witness fees.

13.14   <u>Communications.</u>  Unless otherwise specifically provided, all notices, demands or other communications given under this Settlement Agreement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

a.      To Class Counsel:

> Lin Y. Chan
> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA  94111-3339

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

lchan@lchb.com

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY  10601
clevis@lowey.com

Derek Y. Brandt
McCune Wright Arevalo, LLP
231 North Main Street, Suite 20
Edwardsville, IL 62025
dyb@mccunewright.com

Walter W. Noss
Scott+Scott Attorneys at Law LLP
600 West Broadway, Suite 3300
San Diego, CA  92101
wnoss@scott-scott.com

b.     To Counsel for Defendants: Gerald L. Maatman, Jr. Seyfarth Shaw, LLP, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606; Telephone: (312) 460-5000; Facsimile: (312) 460-7000.

13.15   Construction.   The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Settlement Agreement.

13.16   Captions And Interpretations. Paragraph titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

13.17   Modification.   This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

13.18    Integration Clause.  This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing.

13.19    Binding On Assigns. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

13.20    Counterparts. This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.

13.21    Retention Of Jurisdiction. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Court for the purposes of implementing and enforcing the terms of this Settlement Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Dated: _____ 7/11/, 2022

DEFENDANTS PAPA JOHN'S INTERNATIONAL, INC. AND PAPA JOHN'S USA, INC.

By: _____

    Gerald L. Maatman, Jr.
    Counsel for Defendants Papa John's
    International, Inc. and Papa John's USA, Inc.


Dated: _7/11/2022___, 2022

DEFENDANTS PAPA JOHN'S INTERNATIONAL INC. AND PAPA JOHN'S USA, INC.

By: _____

    Robert Lynch
    President and CEO of Defendants Papa
    John's International, Inc. and Papa John's
    USA, Inc.

84095367v.3

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE
DocuSign Envelope ID: 6D29772E-CFE4-45D5-9C92-E25031F6DB03

Dated:  June 29 , 2022

CLASS COUNSEL

By: _____

Lin Y. Chan
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
lchan@lchb.com

By: _____

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY  10601
clevis@lowey.com

By: _____

Derek Y. Brandt
McCune Wright Arevalo, LLP
231 North Main Street, Suite 20
Edwardsville, IL 62025
dyb@mccunewright.com

By: _____

Walter W. Noss
Scott+Scott Attorneys at Law LLP
600 West Broadway, Suite 3300
San Diego, CA  92101
wnoss@scott-scott.com

Co-Lead Counsel for Class Representative

37

DocuSign Envelope ID: A7074260-1B26-4474-AB4A-8F4C9C4F8FDE

Dated: 06/30/22 | 8:44 AM PDT
_____, 2022

CLASS REPRESENTATIVE ASHLEY PAGE

By: _____

Ashley Page

38

84095367v.3

# EXHIBIT 1

# CLAIM FORM

### *In Re Papa John's Employee and Franchisee Employee Antitrust Litigation*
### Case No. 3:18-CV-00825-BJB-RSE (W.D. Ky.)

As described in the Notice of Class Action Settlement ("Notice") you may be eligible to participate in a proposed class action settlement (the "Settlement") reached between the parties in a lawsuit captioned *In Re Papa John's Employee and Franchisee Employee Antitrust Litigation*, Case No. 3:18-CV-00825-BJB-RSE (W.D. Ky.), pending in the U.S. District Court for the Western District of Kentucky (the "Lawsuit").

**This is your Claim Form ("Claim Form") as discussed in the Notice. To receive a Settlement Payment, you must be a Class Member and must complete and submit the Claim Form on the settlement website electronically at [WEBSITE].**

**To assure that you may be eligible to receive a Settlement Payment, your completed Claim Form must be received by the Claims Administrator no later than [(100) days following the Preliminary Approval Date, 2022] (the "Claims Deadline").**

You are a Class Member if you were employed at a Papa John's branded restaurant located in the United States, whether owned by Defendants or a Papa John's Franchisee, at any time from December 18, 2014 through December 31, 2021 (the "Class Period") who received more than $200 in compensation during that time period.

If you are a Class Member and fail to submit a properly completed Claim Form, then you will be precluded from any recovery in connection with the proposed Settlement. And if you fail to submit a properly completed Claim Form and do not submit a valid and timely Request for Exclusion, then you will also have released all Released Claims against Defendants as set forth in the Settlement.

## RELEASE

If you do not timely submit a valid Request for Exclusion, you shall, on behalf of yourself and each of your heirs, representatives, successors, assigns, and attorneys, release and forever discharge all Released Parties from all claims for relief, demands, causes of action, and appeals of any kind whether known or unknown, which you have had, now have, or may have in the future against the Released Parties or any of them that are alleged in the Action or that arose out of or relate to the facts, acts, transactions, occurrences, events, or omissions alleged in the Action, including but not limited to any and all claims, known and unknown, for violation of the Sherman Antitrust Act and wage suppression related to the No-Poach Provision contained in the Papa John's franchise agreement.  The Released Parties means and refers to Papa John's International, Inc. and Papa John's USA, Inc. and each of their past, present and future parent companies, subsidiaries, affiliates, investors, investment funds, franchisees, insurers, benefit plans, and other related entities, as well as each of those entities' past, present and future officers, directors, owners, principals, employees, agents, executors, administrators, representatives, successors and assigns.

## CLAIMANT INFORMATION

Please enter below:

First and Last Name_____

Address_____

City State Zip_____

Email address:_____

Area Code Telephone Number: _____

Last four digits of Social Security Number:_____

Date of Birth: _____

By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A MEMBER OF THE CLASS, DO NOT SUBMIT A CLAIM FORM; YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.

Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the allocation set forth in the Settlement Agreement if it is approved by the Court, or by such other plan of allocation as the Court approves.

SETTLEMENT PAYMENT ELECTION

If you are eligible to receive a payment from the Settlement, payment will be digitally sent to you via email. Please ensure you provide a current, valid email address with your claim submission. If the email address you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Claims Administrator to receive a payment. When you receive the email notifying you of your Settlement Payment, you will be provided with a number of digital payment options such as PayPal, Amazon, or a digital debit card, to immediately receive your Settlement Payment. You will also at that time have the option to request a paper check be mailed to you instead using the address provided in this Claim Form.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s), agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement, and acknowledge that I (we) will be bound by and subject to the terms of the judgment entered in the Action if the Settlement is approved;

2. that I (we) agree to receive the form W-2 in electronic format and certify that I (we) am (are) able to access the W-2 in electronic format. [You must contact the Claims Administrator if you wish to withdraw this consent and prefer to receive a paper W-2 instead].

3. that I am (we are) a Class Member(s);

4. that the I (we) have not submitted any other claim and know of no other person having done so on my (our) behalf;

5. that I (we) have not submitted a Request for Exclusion;

6. that I (we) submit to the jurisdiction of the Court with respect to my (our) Claim and for purposes of enforcing the releases set forth herein; and

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require.

**[Electronic Signature & Date]**

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: PAPA JOHN'S EMPLOYEE AND FRANCHISEE EMPLOYEE ANTITRUST LITIGATION | Case No.: 3:18-CV-00825-BJB-RSE |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT; MOTION FOR APPROVAL OF SERVICE AWARD; AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The above-entitled matter came before the Court on Plaintiff's Motion for Certification of the Settlement Class and Final Approval of the Class Action Settlement ("Motion for Final Approval"), Motion for Approval of Service Award ("Motion for Service Award"), and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees"). After reviewing the papers in support of the Motions for Final Approval, Service Award, and Fees, and supporting declarations and exhibits, the arguments of counsel during the Final Approval Hearing on [date], and all other materials properly before the Court, the Court hereby finds and orders as follows:

A.     On [date], Plaintiff filed a Motion for Final Approval with respect to the proposed Settlement Agreement and Release ("Settlement Agreement") and her Motion for Approval of Service Award, and on [date] Class Counsel filed their Motion for Fees.

B.     NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.      For the reasons set forth in Plaintiff's Memorandum of Law, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been met and warrant class certification for purposes of effectuating the settlement.  The Court hereby certifies the following class (the "Settlement Class") for final settlement purposes:

> All individuals who were employed at a Papa John's branded restaurant located in the United States, whether owned by Defendants or a Papa John's franchisee, at any time between December 18, 2014 and December 31, 2021 and who received more than $200 in compensation during that time period.

3.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be approved on a final basis.  The settlement will ensure prompt payment to Claimants and avoid the risks and expense of continued litigation.

4.      The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims.  Based on its review of the Settlement Agreement, Plaintiff's Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after years of litigation and after Class Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims.  The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive, as well as the expertise of all counsel with class action litigation.  Based on all of these factors, the Court finds that the Settlement Agreement has no defects and is within the range of reasonableness for settlement approval.

5.      The Court finds that there were no written objections to the Settlement Agreement.

6.     The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

7.     The Parties' dissemination of the Notice of Class Action Settlement to the Class Members was in accordance with the Settlement Agreement.  The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.  Based on the evidence and other materials submitted to the Court, the Notice of Class Action Settlement to the Class Members provided adequate, due, sufficient and valid notice of the settlement.

8.     Based on the foregoing, the Court approves certification of the Settlement Class.

9.     Based on the foregoing, the Court grants final approval of the Class Action Settlement.

10.     The Court approves the requested Service Award of $5,000 for Plaintiff, who participated in multiple rounds of discovery and travelled out-of-state to sit for a deposition.

11.     Class Counsel's request for attorneys' fees and litigation costs and expenses in this Action is approved.  Accordingly, Class Counsel are hereby awarded $1,250,000.00, or twenty-five percent of the Gross Settlement Amount, for attorneys' fees and litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Class Action Litigation.  Class Counsel are well-qualified, experienced, and have aggressively litigated this Action, thereby demonstrating their adequacy as counsel for the class.  The Court finds that this

amount is justified by the work performed, risks taken, and the results achieved by Class Counsel.

12.     The Claims Administrator will distribute the Settlement Payments, including the Service Award, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement.  The Claims Administrator is ordered to provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Payments and made proper withholdings, and to retain copies of all endorsed settlement checks.

13.     Unless otherwise ordered by the Court, no Claim Forms received after [DATE] may be accepted for payment, and no further adjustments to Claim Forms received on or before [DATE] may be made for any reason.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive a payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Class Representative, Class Counsel, Defendants, Defendants' Counsel, the Claims Administrator, or any other agent retained by Class Representative or Class Counsel in connection with the administration or taxation of the Gross Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement Agreement, beyond the amounts allocated to Authorized Claimants.

14.     Unless otherwise ordered by the Court, one year after all funds have been distributed, A.B. Data, Ltd. shall destroy the paper and electronic copies of Claim Forms and all supporting documentation of the same.

15.    The Action is dismissed with prejudice.

16.    Plaintiff and Claimants, and their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have released and forever discharged the Released Claims.

17.    Class Members who have not submitted a valid and timely Request for Exclusion shall be barred from accepting, joining, or instituting any suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against the Released Parties concerning, related to, or arising from any of the Released Claims.  The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of this Final Approval Order.

18.    The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

19.    The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

IT IS SO ORDERED.

Dated this __ day of _____, 2022

_____
United States District Judge

# EXHIBIT 3

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY**

**NOTICE OF CLASS ACTION SETTLEMENT**

*In Re Papa John's Employee and Franchisee Employee Antitrust Litigation*
**Case No. 3:18-CV-00825-BJB-RSE (W.D. Ky.)**

**If you worked at a Papa John's store in the United States during the dates specified below, you may be entitled to compensation from a Class Action Settlement**

*The Court noted above authorized this notice. You are not being sued. This is not a solicitation from a lawyer.* ....................................................................................................

### What Is In This Notice

BACKGROUND OF THE CASE ...............................................................................2

SUMMARY OF THE SETTLEMENT........................................................................2

1.   Who is included in the Settlement?..............................................................2
2.   What will you receive in the Settlement?.....................................................3
3.   When will you get paid?................................................................................3
4.   What claims are being released? ..................................................................3
5.   Service Award ..............................................................................................4
6.   Attorneys' Fees and Costs ............................................................................4

PLAINTIFF'S AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT....................4

ADMINISTRATION OF THE SETTLEMENT .........................................................4

7.   Who is Administrating the Settlement? ........................................................4
8.   Costs of Administration ................................................................................4

YOUR RIGHTS AND OPTIONS .............................................................................5

9.    Participating in the Settlement ....................................................................5
10.   The Difference between Objecting and Excluding .......................................6
11.   Objecting to the Settlement .........................................................................6
12.   Excluding from the Settlement.....................................................................7

THE FINAL APPROVAL HEARING .......................................................................8

GETTING MORE INFORMATION..........................................................................8

**Background Of The Case**

This lawsuit is entitled *In Re Papa John's Employee and Franchisee Employee Antitrust Litigation*, Case No. 3:18-CV-00825-BJB-RSE (W.D. Ky.), and is pending in the U.S. District Court for the Western District of Kentucky.  In this lawsuit (referred to herein as the "Class Action Litigation"), Plaintiff Ashley Page (the "Named Plaintiff") on behalf of herself and all others similarly situated, alleges that Defendants Papa John's International, Inc. and Papa John's USA, Inc. (collectively, "Defendants") violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.  More specifically, the Named Plaintiff alleges that Defendants entered into agreements with their franchisees pursuant to which franchisees agreed not to hire or solicit employees of Defendants or of other franchisees, which in turn depressed the wages and diminished the employment opportunities of restaurant-level employees at Papa John's branded restaurants.  After extensive negotiations, the Parties reached an agreement to settle the Class Action Litigation subject to the Court's preliminary and final approval of the settlement.

This settlement (the "Settlement") represents a compromise and settlement of highly disputed claims in the Class Action Litigation.  Defendants deny all the claims asserted in the Class Action Litigation, deny any and all liability or wrongdoing of any kind associated with any of the facts or claims alleged in the Class Action Litigation, and make no concessions or admissions of wrongdoing or liability of any kind whatsoever.  Nothing in the Settlement is intended or will be construed as an admission by Defendants that the Named Plaintiff's claims or any of the class claims alleged in the Class Action Litigation have merit or that they have any liability to the Class Members on those claims.

The Parties disagree as to the probable outcome of the Class Action Litigation with respect to liability and damages if it were not settled.  Nevertheless, the Named Plaintiff, on behalf of herself and as Class Representative, Defendants, and both Parties' respective counsel, have concluded that the Settlement is advantageous considering the risks, distractions, and cost associated with continued litigation.  The Parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

**Summary Of The Settlement**

**1.      Who Is Included In The Settlement?**

If you are receiving this Notice of the Class Action Settlement, you are a Class Member and are therefore entitled to participate in the Settlement provided that you worked at a Papa John's branded restaurant located in the United States (whether owned by Defendants or a Papa John's franchisee) at any time between December 18, 2014 and December 31, 2021 (the "Class Period") and you received more than $200 in compensation during the Class Period.

**2.      What May You Be Entitled To Receive In The Settlement?**

Defendants have agreed to pay a total of $5,000,000.00 (hereafter the "Gross Settlement Fund") to settle this Class Action Litigation.  The Parties estimate that the total amount available for distribution to the approximately 511,000 Class Members under the Settlement to be approximately $_____ (the "Net Settlement Fund").  This amount was determined by deducting the following from the Gross Settlement Fund: (a) a Service Award to the Named Plaintiff not to exceed $5,000.00 (as explained in Paragraph 5, below); (b) Class Counsel's fees, costs, and expenses, not to exceed twenty-five percent of the Settlement Amount (as explained in

Paragraph 6, below); and (c) the costs of the Claims Administrator, which are estimated to be $_____.

All capitalized terms in this Notice of Class Action Settlement are defined in the Settlement Agreement, which is on file with the Clerk of the Court and available on the settlement website at www.[INSERT].com.  If terms are insufficiently identified, discussed, or defined in this Notice, or if any terms of this Notice conflict with the Settlement Agreement, the terms of the Settlement Agreement shall govern.  Each and every Settlement Payment shall be made from the Net Settlement Fund.

Each Class Member who timely submits a materially complete and executed Claim Form by the Claims Deadline of ____, 2022 (an "Approved Claimant") will receive a Settlement Payment from the Net Settlement Fund according to the allocation formula provided in the Settlement Agreement, unless that amount is less than $5.

### 3.     When Will You Get Paid?

Each Approved Claimant who is entitled to a Settlement Payment will be paid a Settlement Payment, calculated as described in the Settlement Agreement, after final Court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

### 4.     What Claims Are Being Released?

All Class Members who do not timely submit a valid Request for Exclusion shall, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, fully, finally, and forever settle and release all Released Parties from all claims for relief, demands, causes of action, and appeals of any kind whether known or unknown, which a person has had, now has, or may have in the future against the Released Parties or any of them that are alleged in the Class Action Litigation or that arose out of or relate to the facts, acts, transactions, occurrences, events, or omissions alleged in the Class Action Litigation, including but not limited to any and all claims, known and unknown, for violation of the Sherman Antitrust Act and wage suppression related to the No-Poach Provision contained in the Papa John's franchise agreement. The Released Parties means and refers to Papa John's International, Inc. and Papa John's USA, Inc. and each of their past, present and future parent companies, subsidiaries, affiliates, investors, investment funds, franchisees, insurers, benefit plans, and other related entities, as well as each of those entities' past, present and future officers, directors, owners, principals, employees, agents, executors, administrators, representatives, successors and assigns.

### 5.     Service Award

Named Plaintiff will be paid a Service Award of $5,000.00, subject to Court approval, for her services in participating in the Class Action Litigation and in exchange for executing a general waiver and release of claims.  This payment will be made from the Gross Settlement Fund.  This payment does not include any payments to which Named Plaintiff may be entitled under the Settlement Agreement as a Class Member.

### 6.     Attorneys' Fees And Costs

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs.  Prior to the Final Approval Hearing, Class Counsel identified below will seek

approval from the Court for payment of attorneys' fees and reimbursement for their out-of-pocket costs and expenses reasonably incurred in the Class Action Litigation, in an amount not to exceed twenty-five percent of the Gross Settlement Fund, *i.e.*, $1,250,000.00, which, if approved by the Court, will be paid out of the Gross Settlement Fund.  Class Counsel believes the amounts for attorneys' fees and expenses requested are fair and reasonable, and Defendants take no position on Class Counsel's request for fees and costs up to twenty-five percent of the Gross Settlement Fund consistent with applicable law.  However, the Court will rule upon the reasonableness of Class Counsel's request for attorneys' fees and expense reimbursement.

This is only a summary of the request for attorneys' fees and reimbursement of out-of-pocket costs.  Any motions in support of the request will be available for viewing on the settlement website after they are filed on _____, 2022.

**Plaintiff's And Class Counsel's Support Of The Settlement**

The Named Plaintiff and Class Counsel support the Settlement.  Class Counsel believes this Settlement to be a good result for the Settlement Class, especially in light of the risks of a trial on the merits or that class certification may not be granted, and the inherent delays and uncertainties associated with litigation.  Based on Class Counsel's experience litigating similar cases, Class Counsel believes that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, ultimately would be resolved.  Therefore, Class Counsel believes that the Settlement is fair, reasonable, and adequate.

**Administration Of The Settlement**

**7.     Who Is Administrating The Settlement?**

The Court has appointed A.B. Data Ltd. to act as an independent Claims Administrator and to resolve any dispute concerning the calculation of an Approved Claimant's entitlement to a Settlement Payment.

**8.     Costs Of Administration**

The Claims Administrator's fees and expenses, which are estimated to be $_____, will be paid from the Gross Settlement Fund.

**Your Rights And Options**

As a Class Member, you can participate in the Settlement or request exclusion from the Settlement by submitting a timely Request for Exclusion.  If you request exclusion from the Settlement, you will not be eligible to receive any benefits under the Settlement.  You will, however, retain whatever legal rights you may have against Defendants with regard to the claims released in the Settlement.  If you do not request exclusion from the Settlement, you can also tell the Court what you do or do not like about the Settlement.

In order to receive a Settlement Payment, you must complete and submit the Claim Form on the settlement website at [INSERT] by _____, 2022 (the "Claims Deadline").  If you choose to participate in the Settlement, you will be included in the Settlement for purposes of releasing the Released Claims as defined in the Settlement Agreement and as explained above in Paragraph 4.

If you do nothing, you will be included in the Settlement for purposes of releasing the Released Claims, but you will not receive any share of the proceeds to be paid under the Settlement.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **DO NOTHING** | **You Will Be Bound By The Settlement.**<br><br>By doing nothing, you will be included in the Settlement and you will, as a Class Member, release the Released Claims.  However, by doing nothing you will not receive a Settlement Payment. |
| **SUBMIT CLAIM FORM** | **You Will Be Bound By The Settlement And May Receive A Payment.**<br><br>If you submit a Claim Form, you will be included in the Settlement and will receive a Settlement Payment, as long as your claim under the allocation formula is valued at $5 or more.  You will also release the Released Claims. |
| **EXCLUDE YOURSELF** | **You Retain Your Rights, If Any, Against Defendants.**<br><br>This is the only option that allows you the right to participate in another lawsuit for yourself only against Defendants if you wish, relating to the legal claims in this case.  You will receive no Settlement Payment. |
| **OBJECT** | **Inform The Parties And The Court That You Oppose The Settlement.**<br><br>If you are not satisfied with this Settlement, you may send an objection to the Claims Administrator, so long as you do not exclude yourself from the Settlement. |
| **ATTEND A HEARING** | **Appear Before The Court.**<br><br>You may ask to speak in Court about the fairness of the Settlement. |

## 9.      Participating In The Settlement

The Class Representative and Class Counsel represent your interests as a Class Member. Unless you exclude yourself from the Settlement, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against Defendants and all Released Parties as described above in Paragraph 4 and in the Settlement Agreement.

**IN ORDER TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST COMPLETE AND SUBMIT THE CLAIM FORM BY ____, 2022.**

Class Counsel represents you and all Class Members, and you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses, beyond that which is stated above as Class Counsel's attorneys' fees and costs that will be distributed from the Gross Settlement Fund.  You have the right to retain your own separate counsel.  However, if you retain your own separate counsel, other than Class Counsel, then you will be responsible for your own attorneys' fees and costs.  As a member of the Settlement Class, you will have been deemed to have given Defendants permission to provide your social security number to the Claims Administrator in order to facilitate distribution of the Notices, Settlement Payments, and for purposes of tax reporting.  Neither Defendants nor the Claims Administrator will disclose your social security number to the Court or any other third party.

### 10.    The Difference Between Objecting And Excluding

*Objecting* is simply telling the Court that you do not like something about the Settlement. *Excluding* yourself is telling the Court that you do not want to be part of the Settlement.  You may file objections to the Settlement provided you do not exclude yourself from the Settlement by submitting a timely Request for Exclusion.  If you exclude yourself, you have no basis to object because the case no longer affects you and you will not be participating in the Settlement.

### 11.    Objecting To The Settlement

You may tell the Court you do not like the Settlement or some aspect of the Settlement before the Final Approval Hearing by mailing a written objection to the Claims Administrator by no later than ____, 2022.  However, if the Court rejects your objection, you will still be bound by the terms of the Settlement.

Your written objection must state each specific reason in support of the objection, any legal support for the objection, and whether you wish to be heard at the Final Approval Hearing. Your written objection must also state the case name and docket number (which are shown at the top of this Notice), your full name and address, the address(es) of the Papa John's branded restaurants where you worked, and the dates that you worked at such restaurant(s).  To object, no later than ___, 2022, you must mail your written objection to:

A.B. Data, Ltd.
[Claims Administrator address]
[Claims Administrator phone number]

The Claims Administrator will then promptly send a copy of your objection to Defendants' Counsel and Class Counsel.

**DO NOT TELEPHONE THE COURT, DEFENDANTS,
OR DEFENDANTS' COUNSEL**

To be effective, any written objections must be postmarked no later than ____, 2022.  A Class Member who fails to file and serve a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7

12.     **Excluding Yourself From The Settlement**

If you do not want to be legally bound by the Settlement and you want to retain the right to sue Defendants on your own for your own legal claims related to the claims asserted in the Class Action Litigation, then you must take steps to exclude yourself from the Settlement. This is called excluding yourself, or is sometimes referred to as opting-out of the Settlement. If you exclude yourself from the Settlement, you cannot and will not get money from the Settlement and will not participate in the Settlement.

To exclude yourself from the Settlement Class, you must submit a written letter requesting exclusion from the Class and the Settlement ("Request for Exclusion"), which states:

"I, [INSERT NAME], voluntarily choose not to participate in the settlement of my claims against Defendants and/or the Released Parties as defined in the Settlement Agreement, and hereby waive any rights I may have to participate in the Settlement Agreement entered into by the Parties in *In Re Papa John's Employee and Franchise Employee Antitrust Litigation*, Case No. 3:18-CV-00825 (W.D. Ky.)."

Your Request for Exclusion must also include your full name and address, the address(es) of the Papa John's branded restaurants where you worked, and the dates that you worked at such restaurant(s). The Request for Exclusion must be personally signed by you, and mailed to:

A.B. Data, Ltd.
[Claims Administrator address]
[Claims Administrator phone number]

The Request for Exclusion must be postmarked no later than _____, 2022. If the Request for Exclusion is sent from within the United States it must be sent through the United States Postal Service via first class delivery. A Class Member who fails to mail a Request for Exclusion in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement and the final judgment if the Settlement is approved by the Court.

Any Class Member who submits a complete and timely Request for Exclusion will, upon receipt by the Claims Administrator, no longer be a member of the Class, will not be a member of the Settlement Class, will be barred from participating in any portion of the Settlement, and will receive no benefits from the Settlement. Any such person, at his or her own expense, may pursue their own claims, if any, against Defendants related to the claims raised in the Class Action Litigation. An incomplete or unsigned Request for Exclusion will be deemed invalid.

**DO NOT SUBMIT BOTH A CLAIM FORM AND A REQUEST FOR EXCLUSION.**

**The Final Approval Hearing**

The Court will hold a Final Approval Hearing on _____, 2022 in Courtroom __, United States District Court for the Western District of Kentucky, Gene Snyder United States Courthouse, 601 West Broadway, Louisville, KY 40202 at _____a.m., to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. In addition to approving

8

the Settlement, the Court will also be asked to approve Class Counsel's request for costs and attorneys' fees and the Service Award to be made to the Named Plaintiff.  The hearing may be postponed without further notice.  **It is not necessary for you to appear at this hearing.  If you have given valid notice of your objections to the Settlement, the Court will consider it.  You may appear at the hearing at your option so long as you included in your written objection a notice of intent to appear.  You cannot request to speak at the Final Approval Hearing by telephone or email.**

**Getting More Information**

The above is a summary of the basic terms of the Settlement.  If you wish, you can review the complete Settlement Agreement on file with the Clerk of the Court, United States District Court for the Western District of Kentucky, Gene Snyder United States Courthouse, 601 West Broadway, Louisville, KY 40202.  The pleadings and other records in the Class Action Litigation, including the Settlement Agreement, may be examined at any time during regular business hours at the Court.  You can also access the documents on the settlement website at www.[INSERT].com.  You may contact Class Counsel:

Lin Y. Chan
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
lchan@lchb.com

Derek Y. Brandt
McCune Wright Arevalo, LLP
231 North Main Street, Suite 20
Edwardsville, IL 62025
dyb@mccunewright.com

Christian Levis
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY  10601
clevis@lowey.com

Walter W. Noss
Scott+Scott Attorneys at Law LLP
600 West Broadway, Suite 3300
San Diego, CA  92101
wnoss@scott-scott.com

**PLEASE DO NOT TELEPHONE THE COURT, ANY DEFENDANT, OR DEFENDANTS' COUNSEL FOR INFORMATION REGARDING THE SETTLEMENT, YOUR LEGAL RIGHTS OR THE CLAIM PROCESS.**

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: PAPA JOHN'S EMPLOYEE AND FRANCHISEE EMPLOYEE ANTITRUST LITIGATION | Case No.: 3:18-CV-00825-BJB-RSE |

**ORDER GRANTING PRELIMINARY APPROVAL**

This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of the proposed class action settlement between individual and representative Plaintiff Ashley Page ("Plaintiff"), on behalf of herself and the proposed stipulated settlement class ("Settlement Class"), and Defendants Papa John's International, Inc. and Papa John's USA, Inc. (collectively, "Defendants," and with Plaintiffs, the "Parties"). After reviewing the Parties' Settlement Agreement and Release, together with the proposed Claim Form and Notice of Class Action Settlement, as well as Plaintiff's Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

A.     On [date], Plaintiff filed an Unopposed Motion for Preliminary Approval of the proposed Settlement Agreement and Release ("Settlement Agreement").

B.     NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.     Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

83795912v.3

2.      The Court finds on a preliminary basis pursuant to Rule 23 of the Federal Rules of Civil Procedure that the settlement ("Settlement") memorialized in the "Settlement Agreement is fair, reasonable, and adequate.

3.      The Settlement is the result of arm's-length negotiations through an experienced mediator between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

4.      The Court has considered the pleadings and arguments made by Plaintiff in support of the motion for preliminary approval and finds that the proposed Settlement Class described in the Settlement Agreement is proper and should be provisionally certified for settlement purposes.  Solely for the purposes of the proposed Settlement, the following Settlement Class is hereby provisionally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure as follows:

> All individuals who were employed at a Papa John's branded restaurant located in the United States, whether owned by Defendants or a Papa John's franchisee, at any time between December 18, 2014 and December 31, 2021 and who received more than $200 in compensation during that time period.

5.      Solely for the purposes of the proposed Settlement, the Court finds that: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the Class Representative are typical of the claims of the Settlement Class; and (4) the Class Representative will fairly and adequately protect the interests of the Settlement Class.  Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The Court finds that certification of the Settlement Class for settlement purposes is the best means of protecting the interests of all of the Class Members.

83795912v.3

6.      Solely for the purposes of the proposed Settlement, the Court preliminarily approves Lin Y. Chan of Lieff Cabraser Heimann & Bernstein, LLP, Christian Levis of Lowey Dannenberg, P.C., Derek Brandt of McCune Wright Arevalo, LLP, and Walter W. Noss of Scott+Scott Attorneys at Law LLP  to be appointed as Class Counsel.  The Court also hereby preliminarily approves Plaintiff as the Class Representative.

7.      Per the request of the Parties, the Court appoints A.B. Data, Ltd. as the Claims Administrator.

8.      The Court approves, as to form and content, the proposed Claim Form and Notice of Class Action Settlement.   The Court finds that the procedures for notifying the Settlement Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules, and therefore directs distribution of the Notice Packet to Class Members as set forth in the Settlement Agreement.

9.      A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on _____, 2022 [date to be set by the Court no earlier than 130 days following entry of this Order], at ___a.m., in Courtroom [#], for the U.S. District Court for the Western District of Kentucky, Gene Snyder United States Courthouse, 601 West Broadway, Louisville, KY 40202.  At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court.  The Court will consider any objections that may be filed, as well as Class Counsel's request for an award of attorneys' fees and costs and for a Service Award to be made to Plaintiff.

3

10.     No later than thirty (30) days after the Court enters the Preliminary Approval Order, Defendants shall transmit fifty percent (50%) of the payment required by the Settlement Agreement by wire transfer (or other appropriate means) to the Settlement Account.  If the Court decides not to enter a Final Approval Order for any reason, then the entire amount in the Settlement Account, including any interest earned on that amount, will be returned to Defendants, less any Administrative Costs and taxes paid or reasonably incurred up to that point. No other funds shall be added to or comingled with the Settlement Account except as provided for by the Settlement Agreement.  In no event shall the Claims Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the Settlement Account except as expressly provided in the Settlement Agreement.

11.     With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and all applicable federal, state, and local law.

12.     The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

13.     Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, Plaintiff and all Class Members who do not timely submit valid Requests for Exclusion, and anyone acting on any of their behalf, shall be barred and enjoined from: (a) further litigation in this case; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on an individual or class or collective action basis of any action, claim, or proceeding against any Defendant in any forum in which any of the claims

released in the Settlement Agreement are asserted, or which in any way would prevent any such claims from being extinguished.

14.     As of the Effective Date, each and every claim released in the Settlement Agreement by Plaintiff and Class Members who have not timely submitted valid Requests for Exclusion shall be deemed to be conclusively and forever released as against Defendants.  As of the Effective Date, all Class Members who have not timely submitted valid Requests for Exclusion are hereby forever barred and enjoined from prosecuting the claims released in the Settlement Agreement against Defendants.

15.     All Class Members who do not opt out of the Settlement by submitting a timely Request for Exclusion shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class or Class Member.

16.     To receive a Settlement Payment under the Settlement, Class Members must materially complete, execute, and submit the Claim Form to the Claims Administrator no later than the Claims Deadline (the "Claim Deadline") as specified in the Settlement Agreement.  Any Class Member who does not submit a timely and materially complete and executed Claim Form may not receive a Settlement Payment.  Notwithstanding the foregoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator in accordance with the terms of the Settlement Agreement so long as distribution of the proceeds of the Gross Settlement Fund is not materially delayed.

17.     All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline and subject to the terms and conditions set forth in the

Settlement Agreement.  The written objection must be postmarked to the Claims Administrator on or before this date.

18.     Any Class Member who wishes to be excluded ("Opt Out") from the Settlement Class and not participate in the proposed Settlement must complete and submit a Request for Exclusion to the Claims Administrator postmarked no later than the Claim Deadline, as specified in the Settlement Agreement.

19.     Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice.  Any Class Member who does not enter an appearance or Opt Out of the Settlement Class will be represented by Class Counsel.

20.     Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Approval Order to be entered thereon approving the same, unless that Class Member has submitted a timely and valid Request for Exclusion to the Claims Administrator.  All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing.  Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement.

83795912v.3

21.     In the event that the Effective Date (as provided for in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

22.     The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

23.     To the extent any prior order of this Court related to this Action is inconsistent with any of the terms or provisions contemplated by this Order or the Settlement Agreement, the terms in this Order and the Settlement Agreement shall govern, and such prior orders shall be hereby modified so as to allow the terms, provisions, and activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

IT IS SO ORDERED.

Dated this ___ day of _____, 2022

_____
United States District Judge

83795912v.3